LYNN JACKSON ACKERMAN ET AL *v.* ELIZABETH
JACKSON ROGERS ET AL

5-5943                                             483 S.W. 2d 192

Opinion delivered July 17, 1972

[Rehearing denied August 28, 1972.]

*James F. Daugherty,* for appellants.

*John D. Eldridge* and *George Proctor,* for appellees.

CONLEY BYRD, Justice. Appellees Elizabeth Jackson Rogers, Virginia Jackson and Gladys Dear brought this action against their sister, Lynn Jackson Ackerman and her daughter Carlynn Ackerman Gee to declare that their mother's will, barred from probate by the 5 year statute of limitation contained in Act 140 of 1949 (Ark. Stat. Ann. § 62-2125), was not a muniment of title and that consequently they held the approximately 740 acres of land in Woodruff County in fee simple absolute under the laws of descent and distribution. The chancellor so quieted their title and appellants, Lynn Jackson Ackerman and Carlynn Ackerman Gee appeal. For reversal they contend among other things that since appellees accepted the benefits under the will for fifty years they are estopped to deny that the will constitutes a muniment of title.

The record shows that Anna C. Jackson died in 1918

and that by the terms of a will probated August 26, 1918, in Bryan County, Oklahoma left the property as follows:

> *"Second,* I give, divise and bequeath to my children Bernice, Gladys, Elizabeth, Lynn, Wayne, and Virginia all of my real estate which is situated in the County of Woodruff County and state of Arkansas, consisting of 740 acres, share and share alike, subject to the following conditions; no part of said land shall be sold or in any manner encumbered so long as any of my said children shall live, but during said time shall be kept together without division or partition and the same shall not be subject to any debts created by said children and upon the death of any child without issue the shares of such deceased child shall go to such of children as be living and to the issue of any deceased child or children the surviving children to take share alike and the issue of any deceased child to take such share as the deceased parent would have taken if living, and upon the death of any of my said children leaving issue, then the share of such deceased child shall go to the issue of such deceased child subject, however to the conditions that same will not be devised, partitioned, sold or encumbered so long as any of my children shall live.

. . .

> *Fourth,* There being a considerable quantity of merchantable timber on said lands in Woodruff County Arkansas, I devise said timber to my executioners in trust will power and authority to sell dispose of same and to grant permission to enter said lands for the purpose of removing said timber and the proceeds from the sale be divided equally between by children, Bernice, Gladys, Elizabeth, Lynn and Virginia."

The will was never probated in Arkansas. However, an authenticated copy from the Oklahoma Probate Court was recorded in the circuit clerk's office. Pursuant to the will, the personal representatives, one of whom was appellee

Gladys Dear, sold the timber in 1920 for $15,000, and the proceeds were either distributed to the five girls or invested under the supervision of the Oklahoma Probate Court. Thereafter Bernice Jackson Blanchard took possession of the property and so far as the record shows, used the rents and profits from the land for her own use and benefit until her death in 1948. Bernice by her will devised the property to appellant Carlynn Ackerman Gee. The matter was discussed by the family attending Bernice's funeral and it was there decided that Bernice had only a life estate under her mother's will.

Since the death of Wayne and Bernice without issue, the surviving children have divided the rent proceeds between them four ways on the basis that Bernice only had a life estate. Neither Bernice's estate nor her devisee have received any of the rents from this property since 1948.

As we understand the law, it is generally conceded that one who accepts the benefits of a will is thereafter estopped to deny the existence or validity of the will. See *McWhorter* v. *Green,* 111 Ark. 1, 162 S.W. 1100 (1914), *Hopper* v. *Nicholas,* 106 Ohio St. 292, 140 N.E. 186 (1922), and *Board* v. *Board,* L.R. 9 Q.B. 48 (1873).

In the *McWhorter* case, title had been conveyed to William B. McWhorter and Mary E. McWhorter. William devised the land to his two sons William F. and Thomas on condition that they would care for and support Mary E. McWhorter during her natural life. In an action by one of Mary's daughters against Thomas it was shown that Thomas had remained on the land and supported his mother in accordance with terms of his father's will. This court pointed out that since Mary E. accepted the benefits of the will, her heirs, having no greater rights, were estopped to deny Thomas' ownership. In doing so the court said:

". . .The rule is well settled that if an outsider undertakes to dispose of the property of another person by will and that person accepts a benefit under the will, such acceptance is a confirmation of the terms of the will and operates to estop such person to object to the

disposition of his own property to another. *Fitzhugh and Wife* v. *Hubbard,* 41 Ark. 63; *McDonald* v. *Shaw,* 92 Ark. 15, and cases cited."

The Ohio court in the *Hopper* case, stated the rule in this language:

"A party who consents that a court shall enter judgment and accepts the benefits thereunder cannot be heard to object to the court's power to render such judgment. This court so decided in *Merritt* v. *Horne,* 5 Ohio St., 307. Judge Ranney said, at page 318: 'There is now no principle better settled, or resting upon firmer grounds of justice and public policy, than that which precludes a party who has induced another to part with his money or property, *and has taken the fruits of a judicial proceeding,* from afterward questioning its regularity, or by evidence *aliunde* impairing its effect. * * * Although this doctrine debars the truth in the particular case, yet, as said by the Supreme Court of the United States in *Van Rensselear* v. *Kearney,* 11 How., 326, 'it imposes silence on the party only when, in conscience and honesty, he should not be allowed to speak.' And we are of the opinion that it is equally effectual at law and in chancery."

As pointed out in the English case, of *Board* v. *Board, supra,* the parties here are in the same position of a tenant that goes in possession under a landlord. They held their possession and divided the rents and profits therefrom, under the terms of Anna C. Jackson's will, to the exclusion of the devisee under Bernice's will. Therefore, we conclude that as between the parties, they are estopped to deny the title, by which they accepted the benefits.

The court below was not asked to probate the will but only to quiet the title of the parties to the land in question. Because the parties are estopped to deny the title under which they accepted benefits, the cause is reversed and remanded with directions to enter a decree not inconsistent herewith.

Reversed and remanded.

JONES, J., dissents.