Fitzhugh and Wife v. Hubbard.

## FITZHUGH AND WIFE v. HUBBARD.

1. WILLS. *Construction: Election.*

William Hubbard's will contained the following devise: "I give and bequeath to my brother Edward L. Hubbard, the full amount of his indebtedness to me, and the remainder of my property both real and personal to my sister Mrs. Sarah L. Fitzhugh." This debt, amounting to $4,200 dollars, evidenced by note and secured by deed of trust on property, had in fact, been transferred by the testator to Mrs. Fitzhugh eight months before the execution of the will, and Edward L. was not then indebted to him at all, and after his death she attempted to collect the debt. HELD: That she should elect whether she would affirm the will and accept the devise to her, or renounce the same and hold the debt.

2. ELECTION IN EQUITY: *What it is.*

An election in equity is a choice which a party is compelled to make between the acceptance of a benefit under an instrument, and the retention of some property already his own which is attempted to be disposed of to a third party by the same instrument. As where a testator gives money or land to A, and by the same will gives something of A's to B. Here A must elect to give effect to the will by allowing to B the property the testator intended he should have, or to disregard the will, and retain his own property, and make good to B the value of the gift intended for him.

3. WILLS: *Election: Parol evidence of testator's intention, when admissible.*

In the construction of wills parol evidence is admissible to show the condition of the subject matter and the surrounding circumstances, so as to place the court in the position of the testator; but his purpose to put the devisee to his election must appear from the will itself.

APPEAL from *Phillip's* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

Fitzhugh and Wife v. Hubbard.

*M. T. Sanders*, for appellant.

Parol evidence was incompetent and cannot be allowed to explain the will. The intention of the testator must be derived from the terms of the will. Declarations by the testator of his intentions, whether made before or after making the will, are inadmissible. *Robinson v. Bishop*, *23 Ark., 378; 1 Greenl. Ev., sec. 290; 3 Met., 423–426; 15 N. H., 317–330; 55 Ill., 514; 36 Iowa, 674.*

This case falls within the rule of *ambiguitas patens*, and cannot be helped by averment or evidence *aliunde.* *1 Greenl. Ev., sec. 297, et. seq; 11 John, 291; 3 Phillip's Ev., Cowen & Hill's notes, part 2d, p. 1358.*

On the doctrine of election, *sec. 2, Redf. on Wills, p. 364.*

*Tappan & Hornor*, also for appellant.

An election under a will is in the nature of a conditional bequest; the beneficiary under the will is required to give up something demanded by the terms of the will, which is controlled by him and not by the testator, before he can receive the bequest. And it must appear from the will itself that the testator intended that an election should be made, and that he disposed of something over which he had no control.

Parol testimony is not admissible to explain the intention of a testator when it is, as in this case, a patent ambiguity. *Breckinridge v. Duncan, 2 Marshal, 107, R. p. 50.*

In order to raise a case of election, there must be a clear intention expressed on the part of a testator, to give what is not his property. *2 Story Eq. Jur., sec. 1086; 2 Redf. on Wills, p. 364; 15 N. Y., 365.* And it must appear upon the face of the will that the testator proposed there should be an election, and as to what subjects. *1 Jarman on Wills, p. 378–9.*

Parol evidence is not admissible to vary or control the

terms of the will, if a mistake is made in writing the will,. and if the words of the bequest are plain, evidence of a. different intention is inadmissible to establish a mistake. *1st Story's Equity Jurisprudence, sec. 179 and 181.*

"The intention of the testator must be derived from the terms of the will, rather than from the testimony of the draftsman. Declarations by the testator of his intentions,. whether made before or after making the will, are inadmissible." *Robinson v. Bush and wife, 23 Ark., R. p. 378; 1st Greenl. Ev., sec. 290.*

No extrinsic evidence will be admitted to show a different meaning, if the language of the will has a clear and deffinite meaning. *Brown et. al. v. Saltonstall, 3 Metcalf, pp. 423–426; Jackson v. Sill, 11 Johns, R. 201; Jarman on Wills, vol. 1, pp. 343, 356; Stephens v. Walker, 8 B. Monroe, 692; Jackson v. Payne,.Ex. v. 2 Metcalf, (Ky.) 567; Redfield on Wills, vol. 1, p. 597.*

The instructions to the scrivener or the declarations of the testator to the scrivener, at the time of executing the will, cannot control or change the meaning of the will. Parol proof is inadmissible to correct mistakes of the scrivener. *1 Redfield on Wills, 554, (note) 572, 593; Mann et. al. v. Ex. v. of Mann et. al.; 1 John Chan. R., 231; Harter v. Harter, 5 English Reports, (Moak notes) p. 508; Brownfield v. Wilson et. al., 78 Ill., R., 467.*

*Thweatt & Quarles,* for appellee.

The doctrine of election clearly applies in this case. *Dillon v. Parker, 1 Swaust, 397, et. seq. and note; Story Eq. Jur., vol. 2, sec. 1075, et. seq. 1077 and note 3.* "A legatee or devisee cannot claim both under a will and against it." *54 N. H., 398; 20 Am. Rep., 138.* "But must elect to take under the will or make compensation." *Redf. on Wills, p. 355, et. seq.; 8 Am. Law Reg., N. S., 462.* On the general doctrine of election

see *1 Lead. cases in Eq.*, *273; 30 Ark.*, *453; 24 Ohio, St.*, *Auston v. Cane; Redf. on Wills, p. 370, sec. 43.* It makes no difference whether the note belonged to Fitzhugh or the testator. *Story Eq. Jur.*, *sec. 1093-4.*

As to when parol evidence is admissible in construction of wills see *1 Greenleaf on Evidence, sec. 287-8-9 and cases cited.* *Proposition 5, of Wigram, note to above, bottom of note 4, p. 367; Gilliam v. Councellor, 43 Miss.; Ray v. Raenzie, 25 Gratton, Va., 599; Tuxburg v. French, 41 Mich., 7; Clevely v. Clevely, 124 Mass., 314; 2 Redfield on Wills, p. 360, sec. 15; 1 Redfield on Wills, p. 503 and note; Moreland v. Brady, 8 Oregon.*

Declarations, when admissible: *Redfield on Wills, p. 540, sec. 3; Redfield on Wills, p. 570, sec. 7, et. seq.; 1 Greenleaf on Ev., sec. 290, 291 and note.*

Extrinsic evidence, when admissible: *1 Redfield on Wills, p. 639, sec. 42-3; Redfield on Wills, p. 536, sec. 49; 1 Jarmin on Wills, 392.*

SMITH, J. William St. John Hubbard died in the year 1878. Just before his death he made his will, which was afterwards duly proved, and which is in the words following:

1. WILLS. Construction: Election.

"I bequeath and leave unto my brother, Edward L. Hubbard, the full amount of his indebtedness to me and the remainder of my property, both personal and real, to my sister, Mrs. Sarah L. Fitzhugh, after paying all of my debts and my sister to administer without bond."

In point of fact Edward L. Hubbard was not then indebted to the testator. He had formerly owed the testator a debt of $4221.61, which was evidenced by note and secured by deed of trust upon real estate. But this debt had been transferred eight months before the execution of the will, to Mrs. Sarah L. Fitzhugh. The deed of trust contained the usual power of foreclosure by advertisement and sale upon default in payment. And in case of the refusal of the

trustee to act, the sheriff of Phillips county was empowered to execute it.

Cage, the trustee, who was also the draftsman of the will, did refuse to sell the property, alleging as his reason that the debt had been satisfied by the provisions of the will. Whereupon the services of the sheriff were called into requisition. After due notice he sold and conveyed the lands to Mrs. Fitzhugh, who brought ejectment. The defendant set up as an equitable defense that the deed of trust under which the plaintiff claimed title, had been cancelled and the debt, which it was intended to secure, had been released to him by virtue of said will. The cause was transferred to equity. Testimony was taken on both sides. And at the hearing the court required Mrs. Fitzhugh to elect whether she would affirm the will and accept the devise to her, or renounce the same and assert a right to the debt due by Edward L. Hubbard. She elected to take under the will. The court thereupon dismissed her complaint, set aside the trustee's sale and conveyance and cancelled Edward L. Hubbard's note and deed of trust. Mrs. Fitzhugh has appealed. And the main question is whether this is a proper case for the application of the doctrine of election.

**¶ 2. ELEC-TION IN EQUITY. What it is.** "An election, in equity, is a choice which a party is compelled to make between the acceptance of a benefit under an instrument and the retention of some property, already his own, which is attempted to be disposed of in favor of a third party, by virtue of the same instrument. The doctrine rests upon the principle that a person claiming under an instrument shall not interfere by title paramount, to prevent another part of the same instrument from having effect according to its construction; he cannot accept and reject the same instrument. It is a doctrine which is principally exhibited in cases of wills. * * * * * *

"The most common instance which is put of a case of an election is, where a testator gives money or lands to A and

Fitzhugh and Wife v. Hubbard.

by the same will gives something of A's to B. Here A must elect. He must either give effect to the will by allowing B to have the ·property which the testator intended should go to him; or, if he chooses to disregard the will and retain his own property, he must make good the value of the gift to the disappointed beneficiary." *Bishpam Princ. Eq.*, sec. *295;* see also *Sto. Eq. Jur.*, sec. *1076* et seq; *1* ⎯ead. *Cas. Eq. 342.*

Here the testator has undertaken to dispose of a debt which belonged to Mrs. Fitzhugh. But he has given her the whole of his own estate. Her conscience is therefore affected by the implied condition annexed to the testator's bounty, that, while availing herself of the will in one direction, she shall not defeat its operation in another.

The ultimate question in all such cases is this: Did the testator intend that the devisee, upon accepting the benefit conferred upon him, should acquiesce in the donation of the devisee's own property to another? Hence it becomes important to determine how far parol evidence is receivable to manifest such intention. Cage and other witnesses were sworn to prove declarations of the testator that in using the language "indebtedness to me," he referred to the debt which had been assigned to Mrs. Fitzhugh. In *Robinson v. Bishop, 23 Ark., 378,* this court expressed its preference to construe wills from their own terms, rather than to take the deposition of the scrivener as to what the testator meant by particular clauses.

Parol evidence is admissible, in this class of causes, to the same extent as in other cases, in aid of the construction of written instruments, and no further. You may show the condition of the subject matter and the surrounding circumstances so as to place the court in the position of the testator. But his purpose to put the devisee to his election must appear from the will itself. *2 Redf. on Wills, 745.*

But as it was in proof that Edward L. Hubbard owed the

3. TEST OF ELECTION: Intention of testator.

PAROL EVIDENCE: How far admissible.

testator no other debt, the will can have no reasonable construction without including Mrs. Fitzhugh's debt.

The decree below is affirmed.