# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS.

STOKES *v.* PILLOW.

Opinion delivered April 3, 1897.

WILL—ELECTION.—A widow to whom her deceased husband has devised his homestead for life, with power of disposal at death, but without any express declaration that it was intended in lieu of her homestead right, is not put to an election between the homestead and the will, and her possession of the homestead during her life will not be adverse to the rights of her husband's creditors. (Page 3.)

STATUTE OF LIMITATION—PROCEEDING TO SUBJECT DECEDENT'S HOMESTEAD to sale for his debts which is brought within three years after expiration of the homestead estate of his widow is not barred, though more than seven years have elapsed since his death. (Page 5.)

PROBATE JUDGMENT—CONCLUSIVENESS.—A judgment of the probate court allowing a claim against the estate of a decedent cannot be collaterally attacked upon the ground that the claim was barred by laches in procuring administration upon the estate. (Page 6.)

Appeal from Phillips Circuit Court.

H. N. HUTTON, Judge.

### STATEMENT BY THE COURT.

This was an action of ejectment to recover the possession of two lots in the city of Helena. The facts upon which the action was based are as follows: Vincent Taft was the owner of the lots in question, which, with the dwelling thereon, constituted his homestead. In the year 1872 he executed his last will and testament, the portion of same material to consider here being in the following words: "I give and bequeath unto my beloved wife, Amanda M. Tapp, all my real and personal estate of whatever kind I may die possessed of, land, tenements,

rents and issues, profits and choses in action, to be hers so long as she may live, and to dispose of as she may deem proper at her death, taxing her only to pay what legal debts I may owe at the time of my death and my funeral expenses. It is my wish that the said Amanda M. Tapp be and she is hereby appointed my sole executor, and that the courts of probate will not require her to give any security, and that she is hereby empowered to pay off any debts that I may owe, or collect any debts that may be due me, without any administration whatever."

Tapp died on the 10th day of May, 1877, and his widow probated the will, and had the same recorded. At the time of his death, Tapp owned no other property than the lots in controversy, with the improvements thereon. His widow did not qualify as executor under the will, and there was no administration during her life. She continued to occupy the homestead until her death on the 10th day of September, 1892. The appellee, Pillow, was appointed administrator of the estate of Vincent Tapp on the 6th day of October, 1892, and debts amounting to the sum of $1,885.00 were probated and allowed against said estate. Afterwards, in February, 1895, he brought this action of ejectment to recover possession of the lots, in order to subject the same to the payment of the debts of the estate.

The defendant Stokes as a tenant, and the other defendants as heirs and devisees, of Mrs. Amanda Tapp answered, claiming to be the owners of the lots. They alleged that Vincent Tapp devised the lots in controversy and other property to his wife, Amanda; that as widow and sole devisee she elected to accept the provisions of the will; that she took possession of said premises, and remained in possession until her death, holding the same openly, continuously and adversely under claim of absolute ownership and not under claim of homestead; and that the rights of the administrator and creditors were barred by adverse possession and statute of limitation.

The circuit court held that the lots could be subjected to the debts of the estate, and gave judgment in favor of the administrator.

*Quarles & Moore,* and *Stephenson & Trieber,* for appellants.

1. It was the duty of creditors to administer, on the failure of the widow or next of kin, and the statute began to run from the expiration of the thirty days.  Sand. & H. Dig., § 7.

2. If a testator devises the homestead, which is all the property he has, to his widow, subject to the payment of his debts, and she elects to take under the will, and not under the statute, her possession after the time allowed her to elect is adverse, and puts the statute in motion.  3 Wash. Real Property, p. 18; Williams, Real Prop., p. 114; 15 Ark. 555; *ib.* 682. Having made her election, she is bound by it.  41 Ark. 64; 56 *id.* 532.  She never renounced the will, and the law conclusively presumes that she elected to take under it.  29 Ark. 429; 52 *id.* 193; Sand. & H. Dig., § 2548.  See 31 Kas. 270.  The creditors are barred.  46 Kas. 480; 147 U. S. 647; 130 *id.* 320; 33 Miss. 141; 18 Ill. 91.  The doctrine of election applies to homestead estates as well as dower. Sand. & H. Dig., §§ 2533, 2548; Thomps. Home. & Ex., § 544; 131 Ill. 210; 148 *id.* 641; 123 *id.* 447; 94 Ky. 421. They are barred by laches.  37 Ark. 155; 46 *id.* 373; 47 *id.* 470; 48 *id.* 277; 56 *id.* 633; *ib.* 470; 55 *id.* 572.

RIDDICK, J., (after stating the facts.)  The first question presented here concerns the construction of the will of Vincent Tapp.  The appellants contend that Tapp devised his homestead to his wife; that she elected to take the provision of the will, and held the premises as a devisee under the will, and not as a homestead; that such land was therefore subject to be sold to pay the debts of his estate; and that the rights of the creditors are now barred by adverse possession and statute of limitations. It becomes, therefore, material to determine whether the provision in the will was intended to be in lieu of the homestead given by law; for, if the provision in the will was made for the widow in lieu of her homestead, she would be put to her election, but, if the provision was not made in lieu of the homestead estate, she had the right to hold both the homestead and the benefits conferred by the will, and the creditors could not subject the land to their debts until the expiration of the home-

stead estate.  Our statute provides that "if any husband shall devise and bequeath to his wife any portion of his real estate of which he died seized, it shall be deemed and taken in lieu of dower out of the estate of such deceased husband, unless such testator shall in his will declare otherwise."  Sand. & H. Dig., § 2544.  But we have no statute of this kind in reference to the wife's homestead, and whether the provisions made by the will for the widow must be taken as in lieu of the homestead estate given by law so as to put the widow to an election depends upon the language and meaning of the will itself as determined under common-law rules of construction.  Although there be no express declaration to that effect, yet if the devise to the widow is clearly inconsistent with her right to claim a homestead, then it will be treated as made in lieu of her home- stead estate, and she must make her election whether to claim her homestead estate or to take the provision given by the will. But the presumption is that the testator did not intend to deprive the widow of any estate given her by law, and .that the provisions of the will were intended as a bounty in addition to that which she already had.  The widow is, therefore, in such cases, entitled to claim both the homestead as well as the benefits conferred by the will, unless its provisions are so repug- nant to the claim of homestead that the same cannot stand together.  On this point the language of many decisions is very strong.  Mr. Pomeroy, who has treated this doctrine of election with marked ability and learning, after an examination of the adjudged cases on the subject of election in cases of dower, concludes that, in the absence of an express declaration in the will that the provision is in lieu of dower, mere intention of the testator to that effect, gathered from the will, is not enough to put the widow to an election.  To make a case for an election, he says "that intention must have been shown or carried into operation by totally inconsistent gifts of the land subject to dower."  1 Pom. Eq. Jur. § 493.  And this conclusion of the learned author is supported by a vast number of adjudged cases of which it is necessary to cite only a few.  *Adsit* v. *Adsit,* 2 Johns. Ch. 448, 7 Am. Dec. 539; *Konvalinka* v. *Schlegel,* 104 N. Y. 125; 58 Am. Rep. 494; *Nelson* v. *Kounslar,* 79 Va. 468; *Lawrence* v. *Lawrence,* 10 English Ruling Cases, 344, and American

notes, 347; *Well's Est.* v. *Congregational Church*, 63 Vt. 116; 1 Pom. Eq. Jur. § 493.

In the absence of a statute, the same rules in reference to application of the doctrine of election apply to both dower and homestead.

Applying these well settled rules to the will in this case, we hold that no election was required, for there is nothing in the will that rebuts and overturns the presumption that the testator did not intend to devise the homestead, the right to which was already given to the widow by law, and nothing inconsistent in her claiming both the homestead and the provisions in the will. The meaning of the will must be taken to be the same as if the testator had inserted therein an express provision that the devise made by him was subject to the homestead right of his wife, for the law presumes that such was his intention unless such presumption be countervailed by other inconsistent provisions.

In their argument on this point learned counsel for appellant put the following question: "Supposing that Tapp had died seized of a very large estate, and had by his will devised the homestead to some blood relation, in order to preserve it for those of his own blood, making ample provision for the widow, and she had elected to accept under the will, could she have claimed the homestead in addition to the provisions made by the will?" The answer to this question is that clearly, in such a case, she could not have claimed the homestead in addition to the provisions made by the will, for, to quote the expressive language of Chancellor Kent, such a claim would have "disturbed and disappointed the will." *Adsit* v. *Adsit, supra.* The devise of the homestead to the blood relation would have been inconsistent with the retention of the same by the widow, and she would have been put to an election. But the widow here was the sole devisee. There was no devise of the homestead to another, and nothing to overturn the presumption that the devise of the land was intended to be subject to her right of homestead.

It results from our conclusion that the testator did not devise the homestead estate of the widow that her holding of the same was not adverse to the rights of the creditors; for,

though she may have claimed under the will, her right to hold the land existed by virtue of the fact that the property was her homestead, and the creditors could not subject the property to the payment of their debts during the existence of the homestead estate. This action was commenced in less than three years after the expiration of the homestead estate, and creditors holding valid and subsisting claims against the estate are not barred by adverse possession of the land. *Roth* v. *Holland*, 56 Ark. 633.

It is further contended that the claims of the creditors are barred by the statute of limitations on another ground. It is said that, although Tapp died leaving no other property except his homestead, it was still the duty of creditors to have procured administration upon his estate within a reasonable time after his death, so that claims against the estate might be presented, and their validity determined by the court, before a long lapse of time had obscured the facts and made difficult a correct decision of the questions involved, and it is urged that the application for administration in this case was made after an unreasonable delay on the part of the creditors. There might be force in this contention if that matter was before us for decision; but that question was determined by the probate court when the claims of the creditors were probated and allowed against the estate. The probate court having jurisdiction, its judgment cannot be questioned in a collateral proceeding. Finding no error, the judgment of the circuit court is affirmed.

BUNN, C. J., and BATTLE, J., dissent.