COOLEY *v.* NORTH, EXECUTOR.

Opinion delivered September 24, 1917.

1. DOWER—ELECTION BY WIDOW TO TAKE UNDER THE WILL.—A verbal declaration by the widow accepting the provisions of her deceased husband's will in her favor when unaccompanied by the actual receipt or possession of the property, does not constitute an election on her part to take under the will; such expression will be construed as an intention to make an election, and is revocable until acted upon.

2. DOWER—ELECTION TO TAKE UNDER WILL.—In order to bind the widow to take under her deceased husband's will, she must do some decisive act, with knowledge of her situation and rights, and a mere expression of intention is insufficient.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*Cul L. Pearce,* for appellant.

Dower is a freehold estate, growing out of marriage, seizin and the death of the husband. 5 Ark. 608; 8 *Id.* 9; 19 *Id.* 424; 31 *Id.* 576-9. It is a favorite of the courts. 11 Ark. 82; 11 *Id.* 103. It can only be released by some instrument of writing. 21 Ark. 62; Kirby & Castle's Digest, §§ 2916, 3982, 3984.

2. There never was an election to take under the will. Kirby & Castle's Digest, § 2913; 117 Ark. 144; 52 Ark. 193; 55 *Id.* 222; 56 *Id.* 532; 29 *Id.* 418; 64 *Id.* 1; 117 *Id.* 144; 3 N. J. Eq. 597; 17 N. M. 597; 131 Pac. 1004; 49 L. R. A. (N. S.) 1072; L. R. 10 Chy. 239; 21 Pa. St. 407; 91 Ia. 316; 59 N. W. 33; 72 Iowa 123; 52 *Id.* 583; 126 Ia. 447; 102 N. W. 157; 11 A. & E. Enc. Law (2 ed.), 81 to 96;

9 R. C. L. 601; 40 Cyc. 1982; 14 *Id.* 87; 2 Underhill on Wills, 1024; 2 Schouler on Wills (5 ed.), § § 1528, 1572.

3. The burden of proving an election was upon the party affirming same. 11 A. & E. Enc. Law (2 ed.), 97; 14 Cyc. 88 and notes.

There is no evidence that the widow had knowledge of her rights. 56 Ark. 532; 3 N. J. Eq. 597; 49 L. R. A. (N. S.) 1072 and notes. The evidence falls short of making a case of implied election.

*Brundidge & Neelly,* for appellee.

Mrs. Cooley clearly made an election to take under the will. 56 Ark. 507; Kirby's Digest, § § 2697-8.

STATEMENT BY THE COURT.

Appellant instituted this action in the probate court against appellee to have her interest in the estate of her deceased husband declared, and to have her dower in the same allotted to her. The executor defended on the ground that she had elected to take under the will and was not entitled to dower. Upon appeal to the circuit court, there was an agreed statement of facts as follows:

J. H. Scarborough died on the 6th day of May, 1915, leaving a will by which he made disposition of all his property which consisted of both personal and real estate. Provision was made in the will for his widow in lieu of dower. After his death, W. C. North, who was named as executor in the will qualified as such executor. There was a meeting between the executor and all the beneficiaries under the will. The executor asked each of them whether it was his desire to abide by the will or not. All of them, including the widow, said they would abide by the terms of the will. Thereupon the executor probated the will, and under proper orders of the court sold the personal property for the payment of the debts of the estate. Seven months after the death of her husband, the widow married again and instituted this action for the purpose of renouncing the provisions in her favor under the will and for having dower allotted to her.

The court found that appellant had elected to take under the will and dismissed her complaint. The case is here on appeal.

HART, J., (after stating the facts). In most States the statutes point out the manner in which the widow shall declare her election between the provisions in her favor contained in her husband's will and her dower under the law. In this State when the husband devises lands to his wife and also bequeaths her personal property, she may make her election between the testamentary provision and dower, and by a deed of release executed to the heirs, renounce the benefits of the will, at any time within eighteen months. *Pumphry* v. *Pumphry,* 52 Ark. 193.

(1) The present suit was instituted by the widow within the time prescribed by the statute for making her election. Soon after her husband's death the executor informed her of the provisions of her husband's will in her favor. There was a verbal acceptance by her of the provisions in the will in lieu of dower, but none of the property was actually received by her. All of the property belonging to her husband's estate remained in the hands of the executor and none of it was delivered to her. Her verbal declaration to accept the provisions of the will in her favor unaccompanied by actual receipt or possession of the property did not constitute an election on her part to take under the will. It amounted to no more than an intention to make an election and was revocable until acted upon. In *English* v. *English,* 3 N. J. Eq. 504, the court held that to constitute an election by a widow to accept a legacy bequeathed to her in lieu of dower, there must be more than a mere intention or determination to elect. The court said:

(2) "But in a case of dower, there must be something more than a mere intention to elect. The right to dower is a legal right. Upon the death of the husband, the widow is seized at law of a freehold estate, and that estate can not be divested by an intention or determination to take something else in lieu of it, no matter how

often the intention may have been made known or communicated. Loose conversations with third persons to that effect, are of no account; and the making known of such determination, even to those who may be interested, will not of itself constitute an election in law. There must be some decisive act of the party, with knowledge of her situation and rights, to determine the election; or there must be an intentional acquiescence in such acts of others as are not only inconsistent with her claim of dower, but render it impossible for her to assert her claim without prejudice to the rights of innocent persons. ·

"We have already remarked, that in this case no injury can accrue to third persons; and the question is to be settled upon the acts of the complainant."

We are of the opinion that under the facts of this case there was no election by the widow to take under the will in lieu of her dower, and that there was no waiver of her right of dower.

It follows that the court erred in dismissing her complaint and for that error the decree will be reversed and the cause remanded for further proceedings according to law.