COSTEN v. FRICKE.

Opinion delivered October 19, 1925.

EXECUTORS AND ADMINISTRATORS—STATUTORY ALLOWANCES—ELECTION UNDER WILL.—Where decedent devised his homestead to his wife "for and during her natural life, and at her death, if undisposed of, then to my heirs hereinafter named," the widow was not required to elect between taking under the will and taking the statutory allowances provided by Crawford & Moses' Dig., §§ 80 and 86.

Appeal from Greene Chancery Court; *J. M. Futrell*, Chancellor; affirmed.

*Jeff Bratton,* for appellant.

*Huddleston & Little,* for appellee.

SMITH, J. This cause was tried in the court below on an agreed statement of facts, from which we copy the following recitals:

W. C. Greathouse departed this life testate on March 12, 1923, leaving him surviving his widow, Emily C. Greathouse, and certain children and grandchildren, who were the children of deceased children. On October 15, 1923, W. T. Costen qualified as administrator of the estate. The will devised to the testator's wife, "for and during her natural life, and at her death, if undisposed of, then to my heirs hereinafter named, * * * the home place and a tenant house located on each side thereof; * * * with full power to mortgage the fee simple title of all or any part thereof, if necessary, to raise money for her reasonable support and maintenance during her natural life." The will further recited that "I further give, will, devise and bequeath unto my said wife, Emily C. Greathouse, all the household and kitchen furniture, beds and bedding, cooking utensils, etc., now used by us in keeping house and the sum of $135 in money." And it was therein further recited that "I give to my children and grandchildren (who were there named) all of the residue of my estate, both real, personal and mixed, in equal portions and to share and share alike."

The will was duly witnessed and probated as required by law. After the death of the testator, his widow took possession of the property devised and bequeathed to her and continued in possession thereof until her death, which occurred October 12, 1923. During the life of the widow no administration was had upon the estate of the testator, and the widow did not, after the death of her husband, during her lifetime, expressly elect either to take under the will or in opposition thereto.

Before the death of W. C. Greathouse he and his wife contracted with W. J. Fricke for the sale of a lot adjacent to the homestead for the consideration of

$1000, of which $100 was paid in cash, the balance to be paid in monthly installments of $15, beginning May 1, 1922.

After the death of Mrs. Greathouse the Security Bank & Trust Company qualified as administrator of her estate. Thereafter Fricke filed a bill in the chancery court against the administrators of both estates, alleging the facts herein recited and praying the court to adjudge to whom he should make the monthly payments on the lot he had purchased.

The administrator of the estate of the testator filed an answer claiming everything. The administrator of the estate of the widow filed an answer claiming the statutory allowances provided for by §§ 80 and 86, C. & M. Digest, or the value of those allowances, towit, the sum of $450.

In opposition to the claim of the administrator of the wife, the administrator of the testator contended that, by accepting the benefit of the provisions of the will, the widow had elected to take under the will, and could not therefore take in addition these statutory allowances.

The court declared the law to be that the widow was entitled to claim these statutory allowances, and decreed accordingly, and the administrator of the testator's estate has appealed.

By § 3538, C. & M. Digest, it is provided that "If any husband shall devise and bequeath to his wife any portion of his real estate of which he died seized, it shall be deemed and taken in lieu of dower out of the estate of such deceased husband, unless such testator shall, in his will, declare otherwise."

The sections of the statute following, towit, 3539, 3540, 3541 and 3542, provide for an election by the widow where a devise was made to her in lieu of dower. There is conferred upon her by these sections of the statute the right to elect whether she will take under the will or under the statute as if there were no will, and they provide how she may renounce the will and the time

within which she must do so. Here the widow made no election.

We pretermit any discussion of the fact that the widow died before the time limited by the law had expired within which she might elect to renounce the will, and dispose of the question presented for decision without taking that fact into account.

By § 80 the widow and minor children, or the widow or minor children, are given the sum of $300 out of the personal estate at its appraised value when the value of the personal estate exceeds that sum. There are here no minor children to share this allowance with the widow.

By § 86 the widow alone is given, in addition to the allowance specified in § 80, when the estate is not insolvent, such personal property as she may wish not to exceed the appraised value of $150. The solvency of the estate involved is not questioned.

Is the widow barred from asserting a claim for the allowances provided in §§ 80 and 86, C. & M. Digest, in addition to the testamentary provision? It is conceded that this is the controlling question in the case.

The principle which controls here was announced in the case of *Stokes v. Pillow,* 64 Ark. 1. There Tapp, the owner of a homestead and other lands, made a will containing the following words: "I give and bequeath unto my beloved wife, Amanda M. Tapp, all my real and personal estate of whatever kind I may die possessed of, land, tenements, rents and issues, profits and choses in action, to be hers so long as she may live, and to dispose of as she may deem proper at her death, taxing her only to pay what legal debts I may owe at the time of my death and my funeral expenses." The testator died May 10, 1877, and the will was probated, but the widow, who was therein named as executrix, did not qualify as such, and there was no administration during her lifetime. The widow occupied the homestead until her death on September 10, 1892, at which time an administrator of the estate of Tapp was

appointed, and certain debts were probated against his estate. Afterwards the administrator of Tapp brought ejectment against the heirs and devisees of Mrs. Tapp to recover the lots for the purpose of subjecting them to sale to pay the probated debts. The administrator alleged that Tapp devised the lots in controversy and other property to his wife, and that as widow and sole devisee she elected to accept the provisions of the will; that she took possession of said premises and remained in possession until she died, holding the same adversely under claim of absolute ownership, and not under claim of homestead, and that the rights of the administrator and creditors were barred by adverse possession and the statute of limitations.

Mr. Justice Riddick, speaking for the court, said: "It becomes, therefore, material to determine whether the provision in the will was intended to be in lieu of the homestead given by law, for, if the provision in the will was made for the widow in lieu of her homestead, she would be put to her election, but, if the provision was not made in lieu of the homestead estate, she had the right to hold both the homestead and the benefits conferred by the will, and the creditors could not subject the land to their debts until the expiration of the homestead estate. Our statute provides that 'if any husband shall devise and bequeath to his wife any portion of his real estate of which he died seized, it shall be deemed and taken in lieu of dower out of the estate of such deceased husband, unless such testator shall in his will declare otherwise.' Sand. & H. Dig. § 2544. But we have no statute of this kind in reference to the wife's homestead, and whether the provisions made by the will for the widow must be taken as in lieu of the homestead estate given by law so as to put the widow to an election depends upon the language and meaning of the will itself, as determined under common law rules of construction. Although there be no express declaration to that effect, yet if the devise to the widow is clearly inconsistent with her right to claim a homestead, then it will be treated

as made in lieu of her homestead estate, and she must make her election whether to claim her homestead estate or to take the provisions given by the will. But the presumption is that the testator did not intend to deprive the widow of any estate given her by law, and that the provisions of the will were intended as a bounty in addition to that which she already had. The widow is therefore in such cases entitled to claim both the homestead as well as the benefits conferred by will, unless its provisions are so repugnant to the claim of homestead that the same cannot stand together. On this point, the language of many decisions is very strong. Mr. Pomeroy, who has treated this doctrine of election with marked ability and learning, after an examination of the adjudged cases on the subject of election in cases of dower, concludes that, in the absence of an express declaration in the will that the provision is in lieu of dower, mere intention of the testator to that effect, gathered from the will, is not enough to put the widow to an election. To make a case for an election, he says 'that intention must have been shown or carried into operation by totally inconsistent gifts of the land subject to dower.' 1 Pom. Eq. Jur. § 493."

After citing a great number of authorities supporting his statement of the law, the learned justice proceeded to say: "Applying these well settled rules to the will in this case, we hold that no election was required, for there is nothing in the will that rebuts and overturns the presumption that the testator did not intend to devise the homestead, the right to which was already given to the widow by law, and nothing inconsistent in her claiming both the homestead and the provisions in the will. The meaning of the will must be taken to be the same as if the testator had inserted therein an express provision that the devise made by him was subject to the homestead right of his wife, for the law presumes that such was his intention unless such presumption be countervailed by other inconsistent provisions."

We think what was there said is equally applicable to the statutory allowances in question. The widow does not take the homestead as dower; neither does she take these statutory allowances as dower. They are in addition to dower, and the widow is not put to an election in regard thereto unless the language of the will makes it clear that the property devised to her is to be in lieu of those allowances as well as that of dower.

The widow here was devised certain specific property, and "all of the residue" of the estate was devised and bequeathed *per stirpes* to the testator's children and grandchildren. What this residue was does not appear. We conclude, therefore, that there was not such a manifest purpose on the part of the testator to deprive the widow of these statutory allowances as required her to renounce the will to take them. She could have taken these allowances without disavowing the will. These allowances are no more a part of the dower than is the homestead right. The widow, therefore, has these allowances and is entitled to claim them, unless the provisions of the will make it clear that that action would be inconsistent with the testator's intention. In other words, the residue of the testator's estate to which he referred did not include these statutory allowances, because the presumption that he did not intend to deprive her of them does not sufficiently appear to have made an election on the widow's part essential to claim them.

The decree of the court below accorded with this view, and it is therefore affirmed.