McEACHIN *v.* PEOPLE'S NATIONAL BANK.

4-4012

Opinion delivered October 28, 1935.

*Tom W. Campbell,* for appellant.
*Donham & Fulk* and *Pat Mehaffy,* for appellee.

SMITH, J. L. L. McEachin died testate September 26, 1933. Prior to his death he had been engaged in business with his brother, G. C. McEachin, under the firm name of McEachin & McEachin. By his will he bequeathed $100 to his son, and the remainder of his estate to his wife, Harriett A. McEachin, who was named sole executrix to serve without bond.

G. C. McEachin, as surviving partner, proceeded to wind up the affairs of the partnership, which had accumulated a large quantity of material used by the partnership in the performance of construction contracts into which it had entered. The partnership also owned certain lots in North Little Rock, on which the partnership warehouse stood, and also had title to a twenty-acre tract of land.

Mrs. McEachin, the widow and legatee of L. L. McEachin, proposed to G. C. McEachin, who was then engaged in winding up the partnership affairs, that he make a price which he was willing to give or take for the partnership assets, and he fixed a price of $22,000. Mrs. McEachin elected to buy at that price, and she paid her brother-in-law $11,000 in cash, taking a bill-of-sale for all the personal property and a deed to the real estate. In each of these instruments there was a reservation of a lien upon the property sold to secure the remaining $11,000 of purchase money.

On September 30, 1933, Mrs. McEachin filed in the probate court a petition for appointment of administrator *cum testamento annexo,* which recited that, under the will of petitioner's husband, she had been appointed sole executrix without bond, but that she was unacquainted with the business operations of her deceased husband, ''and that, since it will be necessary to wind up his said affairs as expeditiously and economically as possible, and reposing special confidence in the integrity and business ability of Louis Rosen, of Pulaski County, Arkansas, she believes, and therefore states, that it would be to the interest of the said estate and to the interest of her son, Leonard L. McEachin, Jr., and herself, who are the sole devisees under the will, and to whatever creditors there may be of said estate, for Louis Rosen, a citizen and resident of Pulaski County, Arkansas, to be appointed administrator *cum testamento annexo.*''

Pursuant to the prayer of this petition Rosen was appointed administrator with the will annexed, but he resigned the appointment October 28, 1933.

On November 16, 1933, Mrs. McEachin filed another petition in the probate court, reciting the resignation of Rosen, and praying the appointment of the People's Bank of Little Rock as administrator. The prayer of this petition was granted, and the bank proceeded to make an inventory of all the assets of the estate, which was duly filed 12-22-1933. Among the assets listed was an ''undivided ½ interest in partnership McEachin and McEachin, Contractors.'' An appraisement of the estate was filed January 31, 1934.

G. C. McEachin indorsed and delivered to the bank, as administrator, the purchase-money note which Mrs. McEachin had given him as surviving partner. This note was not paid at maturity, and this suit was brought by the bank, as administrator, to enforce payment and to subject to sale the property for which the note had been given. At the trial of this cause the writings above referred to were offered in evidence.

The administration of the estate by the bank appears to have been in charge of its president, who testified that "everything we did, or everything that we had done, with reference to the estate in all the settlements were at her request and really advice." That this was done because Mrs. McEachin was the sole beneficiary under the will with the exception of the hundred dollars' bequest to her son, and that he had no knowledge that Mrs. McEachin would renounce the will and claim dower until she filed an answer to the suit against her on the note and a cross-complaint, in which she alleged her renunciation of the will and her election to take dower. This answer and cross-complaint was filed November 21, 1934, and makes profert of a deed which she had executed, as widow of L. L. McEachin, to his only child, L. L. McEachin, Jr., in which she renounced all interest to any property devised to her, and declared her election to take dower under the statute. This deed was dated November 21, 1934, was filed for record on the same day, and recorded the following day.

It will be observed that this deed was executed more than twelve months after the death of McEachin, but within less than eighteen months after that event occurred. A large portion of the briefs of opposing counsel is devoted to a discussion of the question whether the renunciation of the will and the election to take under the statute was made within the time allowed by law to the widow for her election. Relating to this subject, the question is discussed whether § 3527 or § 3542, Crawford & Moses' Digest, applies, the answer thereto depending on the finding whether the real estate owned by the partnership should be treated as personal property. *Lenow* v. *Fones,* 48 Ark. 557, 4 S. W. 54.

We find it unnecessary to pursue this interesting question, for the reason that the decree of the court on another issue is conclusive of the case.

The court found "* * * that the defendant Harriett A. McEachin had elected to take the legacies bequeathed to her under said will of L. L. McEachin, deceased, prior to the filing of her cross-complaint herein for the assignment of dower, and that she thereby waived her right to dower." The court found that Mrs. McEachin had purchased all of the assets of the partnership, and a lien was declared thereon for the balance of unpaid purchase money, and this appeal is from that decree.

We concur in this finding that Mrs. McEachin has waived her right to claim dower in the estate of her husband, and, having reached this conclusion, it is unnecessary to consider any other question.

It is apparent that Mrs. McEachin dominated the administration of her husband's estate, and she was permitted to do this upon the assumption that, except as to the bequest of a hundred dollars, she was the sole legatee. She was thoroughly conversant with the estate, and appears to have had the advice of competent counsel of her own choice. While the administrator was represented by one attorney, Mrs. McEachin was represented by another. She was desirous of continuing the contracting business in which the partnership had been engaged of which her husband had been a member. Numerous conferences were held in regard to the purchase of the partnership outfit and its warehouse. During this time she had the benefit of the advice of her own attorney, and she admits that during all this time she had intended to take under the will. She expressed her desire frequently for the debts of her husband to be paid, and gave as one of her reasons for desiring to purchase the partnership assets that she could thus obtain certain contracts out of which sufficient profits would be made to pay the debts, if the assets were not sufficient for that purpose.

But certain proceedings in the probate court constitute the most convincing evidence of an election to take under the will, and not under the statute.

There was filed by the bank, as administrator, on February 1, 1934, a petition praying confirmation of the sale of the partnership assets to Mrs. McEachin. This petition contains the following recital: "Mrs. Harriett A. McEachin joins in the presenting of this petition, asks of the court that the foregoing settlements be approved and confirmed, and also hereby waives, releases and relinquishes any and all right, title, claim, equity, interest or dower, if any, that she may have or could have in or to the said estate of L. L. McEachin, deceased, other than as designated in said will of L. L. McEachin, deceased."

The order of the court approving the sale contains the following recitals:

"The court still further finds that Harriett A. McEachin joins the administrator in the presenting of the petition upon which this order is based, asks that this order be made and also further finds that Harriett A. McEachin has waived, released and relinquished any and all right, title, equity, claim, interest or dower that she may have or could have, if any, in or to said estate of L. L. McEachin, deceased, other than as designated in the will."

A corporation was organized by Mrs. McEachin under the name of McEachin & McEachin, Inc., to continue in the business of construction contracts.

It appears that thereafter Mrs. McEachin applied to the bank which was acting as administrator of the estate of her husband, for a line of credit for this corporation, which was denied upon the ground that Mrs. McEachin had on deposit in her name a large and sufficient sum of money. On August 23, 1934, Mrs. McEachin filed in the probate court a petition for the removal of the bank as administrator, in which she recites "that she is a legatee, in the last will and testament of said deceased," and is a creditor of said estate. The prayer of this petition was denied, and an appeal was prosecuted to the circuit court, which appears to be now pending and undisposed of.

Mrs. McEachin attempts to relieve herself of the consequence of her petition to the probate court, and

the order of the court thereon reciting and adjudging that she was a legatee under the will, by saying that she was not advised of this proceeding. There is but little intimation—and no proof—that any fraud was practiced upon her, and it would be trifling with the solemn judgment of a court to permit her to say that she was unaware of a proceeding had upon her petition, and of which she was the beneficiary by making the purchase which the probate order authorized.

It is insisted, however, that, even though Mrs. McEachin had elected to take under the will, and not under the statute, she had the right to rescind this action within the time allowed her by law in which to elect, inasmuch as the rights of no one would be prejudiced by that action. But it is not certain that this is true. The president of the bank which acts as administrator testified that the partnership property would not have been sold as it was except for Mrs. McEachin's election to take under the will. He was asked this question: "Q. When it came to a sale of this partnership property, would you have made that sale to her on credit except for the fact that she expressly waived any right of dower in it?" and answered: "A. Well, unless we had known that she was willing to allow those assets to go to pay his debts, why, of course, we couldn't have done that."

However this may be, we think there was an election which may not be retracted. The law of the subject was declared in the case of *Goodrum* v. *Goodrum*, 56 Ark. 532, 20 S. W. 353. There a widow accepted the proceeds of a policy of insurance which had been devised to her in her husband's will. The opinion recites that the widow had never expressed in writing or by words that it was her purpose in receiving the money to thereby make an election to take the bequest made to her in the will in lieu of her dower. But it was said that this was the natural and legitimate inference from her action. However, because her husband had recently died when the money was paid her, and there had been no inventory or statement made of the condition of her husband's estate, it was held that she might rescind the election when she became apprised of the condition of

her husband's estate. But it was there said: "An election, once made, under circumstances which show that the party required to elect had, or might by the exercise of reasonable diligence have had, such information in regard to the relative value of those things between which a choice must be made as would enable the party making the election to make an intelligent and discriminating choice, cannot be retracted."

Under this test, the election of Mrs. McEachin must be held to be irrevocable.

The case of *Cooley* v. *North,* 130 Ark. 350, 197 S. W. 577, is also decisive of this question. It was there held (to quote a headnote) that "In order to bind the widow to take under her deceased husband's will, she must do some decisive act, with knowledge of her situation and rights, and a mere expression of intention is insufficient."

We are asked to modify the decree, if we do not reverse it, to the extent of allowing the widow to offset the allowance given her by § 80, Crawford & Moses' Digest, against the judgment which has been rendered against her in favor of the administrator on the note indorsed to the administrator by the surviving partner of her deceased husband. This note is the basis of the suit.

The widow, having made an irrevocable election to take under the will, may not claim any part of the estate as dower. But this election does not preclude her from claiming the statutory allowances if she is otherwise entitled to them. This is true unless the will expresses the intention of the testator to deprive his wife upon his death of the statutory allowances to which she would otherwise be entitled. It was expressly so decided in the case of *Cypert* v. *McEuen,* 172 Ark. 437, 288 S. W. 923. See also *Costen* v. *Fricke,* 169 Ark. 572, 276 S. W. 579. The will here involved contains no such expression, and it does not, therefore, exclude the widow from claiming the benefit of § 80, Crawford & Moses' Digest. Whether there are any minor children to share the benefit of this statute with the widow is a question which appears not to have been developed at the trial from which this appeal comes.

The decree will therefore be modified to the extent of allowing the defendant widow to offset against the judgment the value of her allowances under § 80, Crawford & Moses' Digest. In all other respects the decree is affirmed.