Spears, Executor *v.* Spears.

4-8472                              209 S. W. 2d 105

Opinion delivered March 8, 1948.

*Wilson & Starbird,* for appellant.

*Creekmore & Robinson* and *Batchelor & Batchelor,* for appellee.

McHaney, Justice. George W. Spears died testate on January 20, 1947. Appellant, a son, is the executor of his father's estate. Appellee is the widow of George W. Spears and was his third wife. The testator owned real and personal property of substantial value, but in his will he made no provision for appellee to have any part of his estate. They had no children as a result of this marriage, but he had children by both his former wives.

On March 24, 1947, appellee filed separate petitions for her statutory allowance of $300 and $150, as widow under §§ 80 and 86 of Pope's Digest, the latter being conditioned on the estate's solvency. On the same date appropriate orders were made by the court granting both allowances, a specific finding in the $150 allowance was that the estate was solvent.

On March 31, 1947, appellant filed a motion to set aside said orders of allowances on the grounds that appellee had executed a receipt for certain money paid to her by testator in full satisfaction of all her rights in his estate, and that in consideration of $100 cash paid to her by testator she joined with him in the execution of deeds conveying all the real estate of testator to his several children. A receipt for $100 was attached to said motion, dated December 19, 1946, and recited that it was "in full for all her rights in said property of said estate," and purportedly signed by her. Her response to said motion was a general denial, and particularly denying that she executed said receipt.

Trial on the motion resulted in a judgment overruling the motion as to the $300 allowance under § 80 and granting it as to the additional allowance of $150 under § 86 of Pope's Digest, and the former order of allowance of $150 was set aside. Both parties being dissatisfied have appealed to this court, so we have here a direct appeal by the executor and a cross appeal by appellee.

The trial court gave no reason for setting aside its former allowance of $150 under § 86. There was no additional finding by the court on the solvency of said estate, which had previously been found to be solvent. In fact it appears to be undisputed that said estate is solvent. There were no debts of any consequence and the personal and real property was of the value of several thousand dollars.

We do not think the receipt relied on precluded appellee's right to claim such statutory allowances, and neither did the trial court. She executed the deeds to the real estate and released her dower and homestead therein, but the widow does not take these statutory allowances as dower. It was so held in *Costen* v. *Fricke,* 169 Ark. 572, 276 S. W. 579, where it was said: "The widow does not take the homestead as dower; neither does she take these statutory allowances as dower. They are in addition to dower, and the widow is not put to an election in regard thereto unless the language of the will makes it clear that the property devised to her is to be

in lieu of these statutory allowances as well as that of dower.''

She denied that she signed said receipt dated as above and said she received only $80 of the $100 mentioned. Be that as it may, the receipt does not purport to be a release of these statutory allowances to the widow. It seems to be more reasonable that she signed the receipt for $100 and was paid this sum to get her to execute deeds of conveyance to the children of the testator named in said deeds, and that she was releasing all her rights in the real property so conveyed, and nothing more. In any event nothing was said in the receipt about her statutory allowances.

In *Stokes* v. *Pillow,* 64 Ark. 1, 40 S. W. 580, cited and quoted from in *Costen* v. *Fricke, supra,* it was said: ''But the presumption is that the testator did not intend to deprive the widow of any estate given her by law, and that the provisions of the will were intended as a bounty in addition to that which she already had (homestead). The widow is therefore in such cases entitled to claim both the homestead as well as the benefits conferred by will, unless its provisions are so repugnant to the claim of homestead that the same cannot stand together.'' So here, the presumption is that appellee did not release her statutory allowances. She did not do so expressly either in the deeds or the receipt, and even though she released all her dower interest, she did not release these allowances which are in addition to dower given her by law.

On the direct appeal the judgment is affirmed. On the cross appeal, it is reversed and remanded with directions to allow the widow $150 under § 86 of Pope's Digest.