Michael S. McCARTHY *v.*
PULASKI COUNTY CIRCUIT COURT,
Sixth Division

05-1246                                       235 S.W.3d 497

Supreme Court of Arkansas
Opinion delivered May 11, 2006

*Butler, Hicky, Long & Harris* by: *Andrea Brock*, for petitioner/appellant.

*Gieger, Laborde & Laperouse*, by: *Kenneth H. Laborde; Jones & Harper*, by: *Robert L. Jones, III*, for respondent/appellee Central Flying Service, Inc.

*Matthews, Sanders & Sayes*, by: *Doralee I. Chandler* and *Roy Gene Sanders*, for respondent/appellee Aero Accessories, Inc.

*McMath Woods, P.A.*, by: *James Bruce McMath*, for respondent/appellee Janan Honeysuckle.

JIM HANNAH, Chief Justice. Michael S. McCarthy petitions this court for a writ of prohibition asserting that the circuit court is wholly without jurisdiction to proceed in a case where he alleges that he enjoys immunity from suit as an employer under the Workers' Compensation Act. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(3).

On December 5, 2002, Carl Honeysuckle died of injuries suffered in an airplane accident while returning home from a business trip to Dallas. Carl was a passenger with McCarthy, who was piloting his single-engine plane to Little Rock, when the plane began to suffer engine trouble. McCarthy tried to divert to Hot Springs Airport but suffered a complete power failure and made a forced landing that ended in a crash into a home.

At the time of the accident, McCarthy was president of Curtis H. Stout, Inc., and Carl was a new employee of Stout who was hired with the expectation that he would soon be a vice-president in sales. McCarthy, the owner of the airplane, offered Carl a ride, and Carl accepted. According to McCarthy, Stout does not provide transportation for business trips, and employees are left to drive themselves and seek reimbursement or use commercial airlines and seek reimbursement. McCarthy testified in his deposition that he received reimbursement of $110 per hour when he used his plane, and that employees rode with him to employment meetings and other employment activities from time to time. Carl's wife, Janan Honeysuckle, and their children sought and obtained compensation under the Act.

As this court has often stated, a writ of prohibition is an extraordinary writ. *Ouachita Railroad v. Circuit Court of Union County*, 361 Ark. 333, 206 S.W.3d 811 (2005). The writ should issue only when the lower court is wholly without jurisdiction. *Id.* Further, the writ is appropriate only when there is no other remedy, such as an appeal, available. *Id.*

In *VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 16, 970 S.W.2d 810, 812 (1998), this court held that:

> [T]he exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her employment is a claim for compensation under § 11-9-105, and that the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort.

(Citations omitted.) This court has recently faced facts similar to those at issue in the case before us. Where a party to a lawsuit raises a question of whether a person enjoys immunity as an employer under the Worker's Compensation Act, the Commission must first decide the issue. In *Moses v. Hanna's Candle Co.*, 366 Ark. 233, 234 S.W.3d

872 (2006), the injured person first sought relief under the Workers' Compensation Act and then filed a tort action, wherein the defense of immunity under the Workers' Compensation Act was raised. *See also Stocks v. Affiliated Foods Southwest, Inc.*, 363 Ark. 235, 213 S.W.3d 3 (2005). Janan argues that McCarthy is a third person who does not enjoy immunity under the Workers' Compensation Act. The Commission has exclusive, original jurisdiction to determine whether McCarthy was an employer. The petition is therefore granted. Upon remand, the matter should be taken to the Commission for a determination of whether McCarthy is an employer under the Act at the time of the accident.