NUCOR CORPORATION, Liberty Mutual Insurance Co.,
Heckett Multiserv, and Cigna  *v.*  Steven L. RHINE

05-790                                              237 S.W.3d 52

Supreme Court of Arkansas
Opinion delivered June 15, 2006

[Rehearing denied September 7, 2006.]

*Reid, Burge, Prevallet & Coleman,* by: *Robert L. Coleman* and *Jeremy M. Thomas,* for appellant Nucor Corporation.

*Orr, Scholtens, Willhite & Averitt, PLC,* by: *M. Scott Willhite,* for appellee.

JIM GUNTER, Justice. This appeal arises from the opinion of the Workers' Compensation Commission (Commission), affirming the findings of the administrative law judge (ALJ) that appellee, Steven Rhine, was not a special employee of appellant, Nucor Corporation (Nucor). Nucor and its insurance carrier, Liberty Mutual Insurance Company, and Heckett Multiserv (Heckett) and its insurance carrier, Cigna, appeal the Commission's findings. We affirm.

In 1992, Heckett entered into a contract with Nucor to provide contractual services to Nucor at its Hickman plant in Armorel near Blytheville. In April 1998, an amendment to the contract was signed between Heckett and Nucor in which Heckett assumed the duties of operating Nucor's scrap-metal loading operation. Prior to the amendment of the contract, Nucor performed the scrap-handling operation exclusively with its own personnel. After the amendment to the contract was made, Nucor turned over those scrap-operation employees to Heckett's payroll.

Heckett's employees worked twelve-hour shifts from 7:00 a.m. to 7:00 p.m. and 7:00 p.m. to 7:00 a.m., while Nucor's employees worked similar twelve-hour shifts starting at 8:00 a.m. and 8:00 p.m.

Appellee, Steven L. Rhine, worked for Heckett at the Nucor facility on May 19, 1998, as a scrap-crane operator. While performing his job on August 16, 1998, appellee sustained a crush injury to his left foot while refueling a generator that was located on a rail car used in the scrap-metal handling process. Appellee's foot was injured when the coupling of the railcar pinched his foot between the head of the coupling and the body of the railcar. Appellee filed a workers' compensation claim against Heckett, which was accepted as compensable. Temporary total disability, permanent partial disability, and medical benefits were paid to appellee on Heckett's behalf.

On December 27, 2000, appellee also filed a third-party tort action in the Mississippi County Circuit Court against Nucor-Yamato Steel Company, and he later amended the complaint to name Nucor as an additional defendant. In April 2003, appellee filed an amended complaint deleting Nucor-Yamato and naming Nucor as the only defendant. In his complaint, appellee sought damages from Nucor arising out of the injury. On April 24, 2003, Nucor filed a motion to dismiss and motion for summary judgment, asserting that the exclusive remedy provisions of the Arkansas Workers' Compensation Act barred appellee's claims as a matter of law and that the Commission had exclusive, original jurisdiction to determine the case. Further, Nucor argued that appellee acted as its special employee. A hearing on Nucor's motion to dismiss was held on April 30, 2003, and the circuit court denied Nucor's motions. An order to that effect was entered on July 31, 2003. Upon the circuit court's denial of Nucor's motion to dismiss, Nucor filed a petition for writ of prohibition with our court. Citing *Merez v. Squire Court Ltd. Partnership*, 353 Ark. 174, 114 S.W.3d 184 (2003), *Johnson v. Union Pacific Railroad*, 352 Ark. 534, 104 S.W.3d 745 (2003), and *VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 970 S.W.2d 810 (1998), we granted the petition for writ of prohibition on September 25, 2003.

Appellee presented the matter to the Commission, and a hearing was held before the ALJ on January 30, 2004, to determine whether appellee was Nucor's special employee at the time of his injury. On April 30, 2004, the ALJ entered the following findings of fact and conclusions of law:

1. The Arkansas Workers' Compensation Commission has jurisdiction of this claim.

2. On August 16, 1998, the relationship of employee-employer-carrier existed among the claimant [appellee] and respondents #1 [Heckett].

3. On August 16, 1998, the claimant was not an employee, special or otherwise, within the meaning of the Arkansas Workers' Compensation law of respondent #2 [Nucor and Liberty Mutual Insurance as Nucor's carrier].

The ALJ dismissed appellee's claim against Nucor. The ALJ wrote, "[S]ince the employment relationship did not exist between the claimant [appellee] and [Nucor], the Arkansas Workers' Compensation Act as an exclusive remedy may not [be] raised as bar to any action filed by the claimant to [Nucor]."

Nucor appealed the ALJ's findings, and on April 26, 2005, the Commission entered an order affirming and adopting the findings of the ALJ. The Commission awarded appellee additional medical benefits and ordered that "[a]ll accrued benefits shall be paid in a lump sum without discount and with interest thereon at the lawful rate from the date of the [ALJ's] decision in accordance with Ark. Code Ann. § 11-9-809 (Repl. 2002)." From this order, Nucor now brings the instant appeal.

In appeals involving claims for workers' compensation, we view the evidence in a light most favorable to the Commission's decision and affirm the decision if it is supported by substantial evidence. *Moncus v. Billingsley Logging & Am. Ins. Co.*, 366 Ark. 383, 235 S.W.3d 877 (2006). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm the decision. *Id.* Where the Commission denies a claim because of the claimant's failure to meet his burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *Id.*

For its first point on appeal, Nucor makes a two-part argument. First, Nucor argues that the Commission erred in concluding that the proceedings before it were not barred by our

mandate. Specifically, Nucor contends that the proceedings before the Commission subsequent to the filing of the writ of prohibition were "wholly without authority" because we did not expressly remand the case to the Commission "for any type of determination." Secondly, Nucor argues that the case is barred by the two-year statute of limitations set forth at Ark. Code Ann. § 11-9-702 (Repl. 2002). Nucor asserts that no action was filed against it within two years of the injury, and consequently, the case should be dismissed.

Appellee responds, arguing that the Commission had jurisdiction to consider the factually based special-employment issue. Appellee asserts that the Commission's ruling is consistent with our holdings in *VanWagoner, supra, Johnson, supra,* and *Merez, supra,* which were cited in our mandate.

First, we address Nucor's argument regarding the writ of prohibition. A writ of prohibition is an extraordinary writ. *McCarthy v. Pulaski County Circuit Court,* 366 Ark. 316, 235 S.W.3d 497 (2006). The writ should issue only when the lower court is wholly without jurisdiction. *Id.* Further, the writ is appropriate only when there is no other remedy, such as an appeal, available. *Id.*

Our mandate, dated September 25, 2003, granted Nucor's petition for writ of prohibition and cited *VanWagoner, supra, Johnson, supra,* and *Merez, supra,* in support of granting the petition. In *VanWagoner v. Beverly Enterprises,* 334 Ark. 12, 970 S.W.2d 810 (1998), appellant filed suit against her employer in circuit court. On motion of her employer, the circuit court dismissed with prejudice the tort action on the ground that it was barred by the exclusive-remedy provision of the Act. We certified the case from the court of appeals and held that:

> [t]he exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her employment is a claim for compensation under § 11-9-105, and that the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort.

*VanWagoner,* 334 Ark. at 16, 970 S.W.2d at 812 (citations omitted). We have explained that, in adopting this rule, the Commission has vast expertise in this area, and that the goals of uniformity, speed, and simplicity would best be achieved by granting the Commission the

exclusive, original jurisdiction to determine the applicability of the Act. *Johnson*, 352 Ark. at 541, 104 S.W.3d at 748.

In *Johnson*, which cites *VanWagoner, supra,* and *WENCO Franchise Management, Inc. v. Chamness,* 341 Ark. 86, 13 S.W.3d 903 (2000), we concluded that the Workers' Compensation Commission had the exclusive, original jurisdiction to determine whether Johnson's injuries were covered by the Workers' Compensation Act, and that there was an issue of fact as to which employer Johnson was working for at the time of the accident that the Commission must resolve. For those reasons, we reversed the trial court's grant of summary judgment to Bonds Fertilizer, as the trial court lacked jurisdiction, and we remanded the matter to the trial court with leave for Johnson to pursue a workers' compensation claim. *Id.* at 543, 104 S.W.3d at 749. We also affirmed the trial court's granting partial summary judgment to Union Pacific on the issue of adequate warning devices and held that the trial court did not abuse its discretion that the doctrine of collateral estoppel was not applicable to the case. *Id.* at 545, 104 S.W.3d at 750.

In *Merez, supra,* we reversed and remanded the case because the Commission had exclusive, original jurisdiction to determine the facts that establish jurisdiction. We concluded that the Commission had the exclusive, original jurisdiction to determine whether appellant's injuries were covered by the Act because the facts were not so one-sided to demonstrate, as a matter of law, which employer Merez was working for at the time of the accident and, thus, whether the Act applied. *Id.*

In granting Nucor's petition for writ of prohibition and in citing *VanWagoner, Johnson,* and *Merez,* we implicitly held that the special-employee issue was to be determined by the Commission. We have repeatedly held that the Commission has the exclusive, original jurisdiction to determine the applicability of the Workers' Compensation Act. As we noted in *State v. Herndon,* 365 Ark. 185, 226 S.W.3d 771 (2006), the issue is "one of 'jurisdiction to determine jurisdiction,' as distinguished from 'jurisdiction to hear the merits of the case.' " *Id.* (citing *Merez, supra*). Here, the Commission had exclusive, original jurisdiction to determine the issue of whether Nucor was appellee's employer, particularly when Ark. Code Ann. § 11-9-410 (Repl. 2002) authorizes an employee to file suit against a negligent third-party.

Further, we noted in *Johnson v. Bonds Fertilizer,* 365 Ark. 133, 226 S.W.3d 753 (2006), that Ark. Code Ann. § 11-9-207(5)(a)

gives the Commission the authority to make the factual determinations. That statutory provision provides:

> (a) In addition to its other duties and powers, the Workers' Compensation Commission is given and granted full power and authority:
>
> . . . .
>
> (5) To approve agreements, make, modify, or rescind awards, and *make and enter findings of fact and rulings of law*[.]

*Id.* (emphasis added). Based upon this statutory authority, we held that the Commission erred in concluding that it did not have the authority to make a factual determination on the issue of whether Johnson was an employee of Bonds Fertilizer or Bonds Brothers, Inc. *Id.* Here, the Commission has the authority to make a factual determination on the special-employment issue in this case. That question, which is best resolved by the Commission, provides the basis for Nucor's defense in the third-party negligence action in circuit court. For these reasons, we hold that the Commission did not err in ruling that it had jurisdiction to decide the issue.

Second, Nucor argues that its case should have been dismissed upon remand based upon the two-year statute of limitations found at Ark. Code Ann. § 11-9-702, which provides in pertinent part:

> (1) A claim for compensation for disability on account of an injury, other than an occupational disease and occupational infection, shall be barred unless filed with the Workers' Compensation Commission within two (2) years from the date of the compensable injury. If, during the two-year period following the filing of the claim, the claimant receives no weekly benefit compensation and receives no medical treatment resulting from the alleged injury, the claim shall be barred thereafter.

*Id.*

■ Nucor's argument is without merit for several reasons. First, appellee has never filed a "claim for compensation" against Nucor with the Commission but rather a third-party negligence action in circuit court. The question before the Commission

involving Nucor was a factual determination of appellee's special-employee status, not any "claim for compensation" made against Nucor. Based upon the plain language of Ark. Code Ann. § 11-9-702(b), we interpret the statute to apply solely to "claim[s] for additional compensation." *Id.* The statute does not provide a two-year limitation period regarding a factual determination. *See Johnson, supra.* Thus, this statute-of-limitations provision does not apply to the present case because appellee has never sought workers' compensation benefits from Nucor. For these reasons, we hold that Nucor's argument on this issue is without merit.

For his second point on appeal, Nucor argues that the Commission erred in finding that there was no contract of hire or special employment relationship between appellee and Nucor. Specifically, Nucor contends that appellee acted as its special employee at the time of the injury.

Appellee responds, arguing that Nucor's position in inconsistent. According to appellee, Nucor argues that appellee is a special employee. However, in its answer in the tort suit, Nucor admitted that appellee was working for Heckett when he was injured. Appellee contends that Nucor is barred from raising these inconsistent positions under the doctrines of inconsistent positions, estoppel, and waiver. Appellee further argues that there was no implied contract for hire between Nucor and appellee, that the work done by appellee was not for Nucor, and that Nucor had no right to control the details of appellee's work.

At the outset, appellee's argument regarding the doctrine of inconsistent positions and judicial estoppel does not apply. A party asserts the doctrine of judicial estoppel by arguing that "a party may be prevented from taking inconsistent positions in successive cases with the same adversary." *Cox v. Miller,* 363 Ark. 54, 210 S.W.3d 842 (2006) (citing *Dupwe v. Wallace,* 355 Ark. 521, 529, 140 S.W.3d 464, 469 (2004)). Here, appellee filed a claim with the Commission against Heckett and filed a third-party action against Nucor in circuit court. Thus, appellee did not file "successive cases with the same adversary." *Id.* The adversaries in this case, Heckett and Nucor, are separate parties.

With regard to the issue of special employment, we repeatedly have cited with approval 1C, Arthur Larson, The Law of Workmen's Compensation § 48.00 (1962):

When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if

(a) The employee has made a contract for hire, express or implied, with the special employer;

(b) The work being done is essentially that of the special employer; and

(c) The special employer has the right to control the details of the work.

*Daniels v. Riley's Health & Fitness Ctrs.*, 310 Ark. 756, 759, 840 S.W.2d 177, 178 (1992) (citing *Charles v. Lincoln Constr. Co.*, 235 Ark. 470, 361 S.W.2d 1 (1962)).

In the present case, the ALJ, citing these factors, found that "the evidence preponderates that [appellee] was performing his assigned job duties as an employee of [Heckett]. . . ." The Commission affirmed the findings of fact and conclusions of law made by the ALJ. We agree with the Commission because it is supported by substantial evidence that appellee was an employee of Heckett rather than a special employee of Nucor.

Here, the following testimony was presented at the January 30, 2004, hearing and provides substantial evidence to support the ALJ's findings. Mike Ross, appellee's supervisor, testified that appellee was hired by Heckett to do the crane operation. He further testified that Heckett made the decisions as to when appellee came to work, how much he was paid, and when he could take a lunch break. Ross further stated that Heckett provided appellee with a policy and procedure manual, which included information about vacation time and sick leave.

Jerry Webb, a former employee of Heckett, testified that he trained appellee in scrap-line operation. Webb was paid by Heckett, which set his hours, benefits, and rate of pay. John Schmalzried, an employee of Heckett and Heckett's safety manager for both sites at Nucor, testified that Heckett's human-resource department made the decision regarding appellee's pay, and that Heckett received money from Nucor for appellee's specific job as a crane operator.

Appellee testified that, in August 1998, he was employed by Heckett as a rail-crane operator. He testified that he was interviewed by two Heckett employees, and Heckett informed him

when he would come to work, how much he would be paid, when he would leave work. Appellee trained under Jerry Webb, a Heckett employee, and during the training, Nucor employees were present. On the morning of his injury, appellee went to work at 7:00 a.m., when Heckett employees were expected to arrive at work. Appellee further testified that he was never paid by Nucor, and if he did not actually operate the crane, he was still paid by Heckett.

Two Nucor employees, Shawn Nowlin and Steve Pienaar, testified. Nowlin, a crane operator for Nucor, testified that he was present and worked on the crane the morning that appellee sustained his injury. Pienaar, a Nucor employee, testified that he "know[s] that he [appellee] is a Heckett employee."

Based upon the foregoing testimony, there was substantial evidence to support the Commission's finding that appellee was not a special employee of Nucor under the three-factor test set forth in *Daniels, supra*. First, appellee did not make a contract for hire, express or implied, with Nucor. At the time, a contractual relationship existed between Heckett and Nucor, but there is no evidence in the record that a contractual relationship existed between appellee and Nucor. Second, the work that appellee performed was being done for Nucor's facility; however, under the third factor, the evidence demonstrates that Heckett, rather than Nucor, had control of appellee's work performance. Appellee worked exclusively for Heckett in performing his duties as a rail-crane operator. Although Heckett employees worked side-by-side with Nucor employees, appellee was supervised by a Heckett employee, and Heckett determined his pay and hours. Based upon the foregoing reasons, as well as our standard of review in workers' compensation cases, we hold that appellee was not a special employee of Nucor at the time of his injury. Accordingly, we affirm the decision of the Commission.

Affirmed.