## FIRST SECURITY BANK *v.*
## ESTATE of PAUL C. LEONARD

06-1025                                    253 S.W.3d 434

Supreme Court of Arkansas
Opinion delivered March 15, 2007

*Woolsey & Wilson*, by: *Bruce R. Wilson*, for appellant.

*Kelley & Collins*, by: *Roy Beth Kelley*, for appellee.

JIM HANNAH, Chief Justice. First Security Bank appeals a decision of the Johnson County Circuit Court, Probate Division, dismissing a will contest filed by First Security as guardian of the estate of Elna Leonard. The will contest was dismissed for failure to comply with Ark. Code Ann. § 16-62-105 (Repl. 2005) and Ark. Code Ann. § 16-62-109 (Repl. 2005). We affirm the circuit court's decision that the will contest must be dismissed but do so based on a failure to comply with Ark. Code Ann. § 28-65-323 (1987). Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(6).

## Facts

On February 5, 2004, Patricia Kay Harden filed a petition to probate the will of Paul C. Leonard. She also sought to be appointed as personal representative of the estate. On March 24, 2004, First Security filed a will contest as guardian of the estate of Elna Leonard.[1] On July 26, 2004, the circuit court entered an order appointing Community First Trust Company as Administrator CTA,[2] admitting Paul's will to probate, and provided in the order that "the validity of the instrument offered for probate is being contested and the validity of the will shall be determined at a later date." Elna passed away on September 12, 2004. Community First Trust filed a motion to dismiss the will contest asserting that Elna's death terminated First Security's authority to act on behalf of Elna's estate, and that First Security failed to timely revive the will contest. On April 18, 2006, the circuit court entered an order dismissing First Security's will contest for failure to comply with Ark. Code Ann. § 16-62-105 and Ark. Code Ann. § 16-62-109. This appeal followed.

## *Ark. Code Ann. § 28-65-323*

First Security was prosecuting the will contest as the guardian of Elna's estate when her death on September 12, 2004,

---

[1] Paul and Elna were husband and wife. A guardian of Paul and Elna's estate was appointed on September 25, 2002.

[2] CTA is an acronym for the Latin phrase *cum testamento annexo*, meaning an administration granted when no executor of the will is appointed, or where the executor declines to act, is incompetent to act, or is not permitted to act. *See, e.g., McEachin v. People's Nat'l Bank*, 191 Ark. 544, 87 S.W.2d 12 (1935).

terminated First Security's guardianship. Ark. Code Ann. § 28-65-401(a)(2) (1987). Therefore, First Security could no longer act on behalf of the estate. Under the probate code, First Security could have had letters of administration issued to grant it authority to administer the estate of its deceased ward. Ark. Code Ann. § 28-65-323 (1987). First Security did not timely seek that authority. Arkansas Code Annotated section 28-65-323(a) (1987) provides as follows:

> Upon the death of a ward, the guardian of his or her estate is authorized, as such, subject to the direction of the court, to administer the estate of the deceased ward after further letters are issued to him or her, after a hearing, pursuant to a petition for letters, testamentary or of administration, which has been filed not later than forty (40) days after the death of the ward, subject, however, to the provisions of § 28-40-116.

First Security did not file a petition for letters of administration until January 11, 2005, more than forty days after Elna's death.[3] Thus, First Security lost authority to act when it failed to timely obtain letters of administration as allowed under Ark. Code Ann. § 28-65-323.

### Special Proceeding

The parties argue about whether the will contest could be revived under Ark. R. Civ. P. 25. Rule 25 is a rule of civil procedure providing for substitution of parties. The rules of civil procedure apply to civil actions.[4] Ark. R. Civ. P. 2; *Sosebee v. County Line Sch. Dist.*, 320 Ark. 412, 415, 897 S.W.2d 556, 558 (1995). "A will contest is not a civil action, but is a special proceeding." *Coleman v. Coleman*, 257 Ark. 404, 408, 520 S.W.2d 239, 242 (1974) (citing *Rockafellow v. Rockafellow*, 192 Ark. 563, 93 S.W.2d 321 (1936)); *see also Weidrick v. Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992). Special proceedings are governed by statute. *In re Adoption of Baby Boy Martindale*, 327 Ark. 685, 940 S.W.2d 491 (1997). Where a statute "creates a right, remedy or proceeding

---

[3] The period within which to seek the letters of administration ended on Monday, October 24, 2004, because the forty days ran on Saturday, October 22, 2004. Letters of administration were not issued until January 26, 2005.

[4] "Since the advent of our original Civil Code, there have been two types of proceedings in Arkansas law. One is a civil action; the other is a special proceeding." *Sosebee v. County Line Sch. Dist.*, 320 Ark. 412, 415, 897 S.W.2d 556, 558 (1995).

[that] specifically provides a different procedure . . . the procedure so specified shall apply." Ark. R. Civ. P. 81(a).

■ Section 28-65-323 provides a specific statutory procedure granting a guardian of the estate forty days from the date of the ward's death within which to file a petition for testamentary or administrative letters. If the requirements of the statute are met, the guardian may continue to serve after the death of the ward. First Security argues that it is seeking to "continue" its representation of the estate; "the court authorized the Bank to continue to pursue the will contest . . . when the court authorized the Bank, as guardian, to administer the estate of the deceased ward, Elna V. Leonard, pursuant to Ark. Code Ann. § 28-65-323." However, as already noted, First Security failed to comply with section 28-65-323 and obtained no such authority. In any event, First Security correctly asserts that it was attempting to "continue" its representation of Elna's estate. No substitution of parties was at issue; therefore, Rule 25 was inapplicable.[5] While the will contest should have been dismissed for failure to comply with section 28-65-323, we affirm because the circuit court reached the right result even if for the wrong reason. *See Office of Child Support Enforcement v. Pyron*, 363 Ark. 521, 215 S.W.3d 637 (2005).

---

[5] The circuit court decided the case based on a failure to comply with Ark. Code Ann. § 16-62-105 and Ark. Code Ann. § 16-62-109. However, section 16-62-105 concerned civil actions and was superseded by Ark. R. Civ. P. 25. *See Deaver v. Faucon Props., Inc.* , 367 Ark. 288, 239 S.W.3d 525 (2006); *In re Statutes Deemed Superseded by the Arkansas Rules of Civil Procedure*, 290 Ark.App'x 616, 719 S.W.2d 436 (1986). Section 16-62-109 concerns time for revivor of a civil action and is likewise inapplicable in this special proceeding.