James HYDEN and Hyden, Miron and Foster, PLLC  *v.*
CIRCUIT COURT of PULASKI COUNTY, Arkansas,
The Honorable Willard Proctor Jr., Circuit Judge

06-1328                                         264 S.W.3d 493

Supreme Court of Arkansas
Opinion delivered October 4, 2007

*Wright, Lindsey & Jennings, LLP*, by: *Bettina E. Brownstein* and *Troy A. Price*, for petitioners.

*Griffin, Rainwater & Draper, PLC*, by: *Paul S. Rainwater*, for interested party Charles Grassi, Sr.

JIM HANNAH, Chief Justice. James W. Hyden, and Hyden, Miron & Foster, P.L.L.C. ("Hyden") petition this court for a writ of prohibition alleging that because more than ninety days had passed since entry of judgment, and because there was no evidence of misrepresentation by Hyden in moving for dismissal, the circuit court was without jurisdiction to vacate the judgment of dismissal under Ark. R. Civ. P. 60. We disagree and deny the petition. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(3).

On June 3, 2002, Grassi filed a legal malpractice action against Hyden. The record reveals that discovery disputes have existed in this case over many months, and that on February 7, 2006, the circuit court entered an order that Grassi respond to certain discovery within thirty days or suffer dismissal. Subsequently, Hyden filed a motion to dismiss based on an alleged failure to comply with the circuit court's February 7, 2006, order. The case was dismissed with prejudice on March 30, 2006, for failure to timely file a response to the motion to dismiss with the circuit court.

On July 31, 2006, Grassi filed a motion in the circuit court to vacate the judgment of dismissal alleging that the dismissal was entered without notice or a hearing; he further alleged that he had responded to the discovery at issue in the motion to dismiss, and that he had timely responded to the motion to dismiss and Hyden's counsel failed to make the court aware that Grassi had timely served a response to the motion to dismiss on Hyden's counsel. He also alleged that he first learned of the dismissal on July 18, 2006, although a certificate of service indicates that his counsel was served with the dismissal at the time it was granted.

At the hearing on the motion to vacate the judgment, Grassi asserted that "however innocent," counsel for Hyden may have been in representing to the court that the motion to dismiss should be granted for failure to timely file a response with the circuit court, it constituted a misrepresentation. Counsel for Hyden responded as follows:

> Your Honor, there was no misrepresentation. First of all, I don't think a misrepresentation has been shown such as to take this case out of Rule 60.
>
> We filed our motion. We checked with the Court to see if a reply — excuse me, response had been filed. At the time that the Court entered the order, a response had not been filed.
>
> Frankly, I was not in the office. I don't know when a response was received. I was in the hospital actually, but I know that we checked with the Court to see if a response had been filed and it had not been and, therefore, this Court entered the order on the basis that no response had been filed and, in fact, no response was filed until after the order was entered.

Hyden filed its motion to dismiss, representing to the circuit court that it was entitled to a dismissal based on Grassi's failure to file a

response with the circuit court. However, Hyden's counsel was in error as to the law. A timely response had been served on her office of which she was apparently unaware. An attorney is expected to know the law. *Lewellen v. Sup. Ct. Comm. on Prof'l Conduct*, 353 Ark. 641, 110 S.W.3d 263 (2003). As acknowledged by the parties and the circuit court at the hearing, under Ark. R. Civ. P. 5(c), the response to the motion was timely. Under Rule 5(c), it had to be filed with the circuit court before the date of service or "within a reasonable time thereafter." The circuit court found that filing the response one day after the response was received by Hyden's counsel was "within a reasonable time thereafter." That ruling has not been appealed. We note as well that the circuit court informed the parties that it was taking judicial notice of problems the circuit clerk's office was having in getting documents timely filed.

The circuit court granted the motion to vacate based on Rule 60 stating that "[t]here was no misrepresentation on the part of the defendant," and that "had I known about the service, I wouldn't have entered the order at all . . . I think that the order of dismissal should be set aside based upon the Clerk's not having a copy of the actual response in the file."

Hyden seeks a writ of prohibition alleging the circuit court was wholly without jurisdiction to grant the motion to vacate judgment. As this court has often stated, a writ of prohibition is an extraordinary writ. *McCarthy v. Pulaski County Circuit Court*, 366 Ark. 316, 235 S.W.3d 497 (2006). The writ should issue only when the lower court is wholly without jurisdiction. *Id.* Further, the writ is appropriate only when there is no other remedy, such as an appeal, available. *Id.* This court has defined jurisdiction as "the power to hear and determine the subject-matter in controversy between the parties to the suit; to adjudicate or exercise any judicial power over them." *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998) (quoting *Lamb & Rhodes v. Howton*, 131 Ark. 211, 213, 198 S.W. 521, 522 (1917).

Rule 60 provides in pertinent part as follows:

> (a) *Ninety-Day Limitation.* To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

. . . .

(c) *Grounds for Setting Aside Judgment, Other than Default Judgment, After Ninety Days.* The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:

. . . .

(3) For misprisions of the clerk.

. . . .

(4) For misrepresentation or fraud (whether heretofore denominated intrinsic or extrinsic) by an adverse party.

The circuit court's decision was based on the circuit clerk's failure to timely file the response to the motion to dismiss. Under Ark. R. Civ. P. 60(c)(3) a judgment may be vacated based on misprisions of the clerk; however, the circuit court erred in reaching it finding of a clerical misprision. A clerical misprision occurs when a court clerk's mistake or fraud is apparent from the record. *New Holland Credit Co., LLC v. Hill,* 362 Ark. 329, 208 S.W.3d 191 (2005). No mistake of the clerk is apparent from the record. The response in the court file bears a file date, and the record does not reveal any error by the clerk.

However, while the circuit court erred in its reasoning in finding that the judgment should be vacated, the decision to vacate the judgment was correct. We may affirm because the circuit court reached the right result even if for the wrong reason. *See, e.g., First Security Bank v. Estate of Leonard,* 369 Ark. 213, 253 S.W.3d 434 (2007).

Pursuant to Ark. R. Civ. P. 60(c)(4), a judgment may be vacated more than ninety days after being filed with the clerk where there was misrepresentation or fraud. While the circuit court and the parties appear to agree that any misrepresentation was inadvertent, in *Davis v. Davis,* 291 Ark. 473, 476, 725 S.W.2d 845, 847 (1987), we discussed Rule 60 and stated that, "[w]e have many times held that there may be a constructive fraud even in the complete absence of any moral wrong or evil intention." When Hyden's counsel presented the motion to dismiss to the circuit court, counsel was representing by that motion that it was entitled

to have the case dismissed because Grassi had not filed a timely response. Hyden's counsel had a duty to be aware of the response served on her office and to make the circuit court aware that a timely response had been provided. It is apparent that counsel made representations to the circuit court that were incorrect.

While the circuit court expressly found that there were no misrepresentations on the part of the defendant, it also found that had it known of Grassi's response to the motion to dismiss, it would not have dismissed the case. Thus, there cannot be a finding that Hyden's counsel made no misrepresentations, but rather there was a finding that no intentional misrepresentations were made. Counsel was served with the response to the motion to dismiss and failed to let the court know. Further, counsel represented that Hyden was entitled to an order of dismissal because a response had not been timely filed with the circuit clerk, which was a misrepresentation of what was required by law. Obviously a misrepresentation was made to the circuit court on the status of the case. The fact that the misrepresentations were inadvertent does not alter their effect on the circuit court; they resulted in a miscarriage of justice that Rule 60 is designed to remedy. Pursuant to Rule 60, the circuit court had the power to hear and determine the subject-matter in controversy between the parties on the issue of vacating the judgment. There is no merit to the claim that the circuit court was acting outside its jurisdiction.

Writ denied.

GLAZE and BROWN, JJ., dissent.

IMBER, J., not participating.

ROBERT L. BROWN, Justice, dissenting. The decision in this case is extraordinary. The circuit judge specifically found that no misrepresentation had been made to him by counsel for Hyden. He further said that he too thought that the law required a filing of the response in the circuit clerk's office for it to be effective and that he had checked the case file and found no response.

Here are the judge's exact words:

> I guess I learned something I did not realize before, but I had always read the Rules of Civil Procedure to require the filing of the complaint or rather the response of (sic) pleading prior to the time that the motion — the time for service of motion was due.

I never realized that actually it does not say that. It actually says it has to be served within the time and then it says it has to be filed on the party with the clerk's office before service, so within a reasonable time after.

The circuit judge acknowledged that both parties had stipulated to the fact that Grassi's response had actually been timely served, and he found that the filing of Grassi's response was made within a reasonable time after service. The following colloquy then took place:

> HYDEN'S ATTORNEY: There was no misrepresentation made to the Court at all. The Court, as I understand, looked to whether the response had been filed —
>
> THE COURT: That's correct.
>
> HYDEN'S ATTORNEY: — and found that there had been a timely filing. so it had nothing to do —
>
> THE COURT: With the parties, exactly. That's true. For the record, I need to make that clear.
>
> HYDEN'S ATTORNEY: There was no misrepresentation made at all.
>
> THE COURT: Right.
>
> GRASSI'S ATTORNEY: But, Your Honor, a precedent was forwarded to the Court for that purpose, for entry and I think that implies that it was a fault.
>
> THE COURT: Well, I agree with [Hyden's attorney]. I want to make the record clear. There was no misrepresentation on the part of the defendant. That is correct, the Court did look to the — the Court looked to the file to see whether or not — well, I mean there was a representation that there had not been a filing. And so the Court looked to the clerk's file and there was not a response that was made to it. So that's what the Court did.

Nor does constructive fraud control this case. Constructive fraud is a breach of a legal or equitable duty which, irrespective of the moral guilt or the valid reason, the law declares fraudulent

because of its tendency to deceive others; neither actual dishonesty or purpose nor intent to deceive is an essential element of constructive fraud. *See South County, Inc. v. First Western Loan Co.*, 315 Ark. 722, 871 S.W.2d 325 (1994). How can the majority conclude that the circuit judge was the victim of constructive fraud when the judge made his own independent determination? He said he checked the clerk's file and found no response and further said he had always read the Rules of Civil Procedure to require the filing of the response with the clerk before service on opposing counsel. Of course, constructive fraud was never argued by counsel in the case to the circuit judge or raised as an issue in this appeal.

Despite this, the majority says a misrepresentation was practiced on the circuit judge. Never mind that the circuit judge said this did not happen and that he checked the clerk's file on his own. Never mind that one of the five required elements of fraud is justifiable reliance by the purported victim of the misrepresentation, *see Bullock v. Barnes*, 366 Ark. 444, 236 S.W.3d 498 (2006), and the circuit judge said there was no misrepresentation for him to rely on.

I am convinced that we wander far afield when we superimpose our judgment on a trial judge, especially when we presume to tell that judge what his state of mind was and whether something was misrepresented to him when he says it was not.

I respectfully dissent.

IMBER, J., not participating.

GLAZE, J., joins.