Cite as 2020 Ark. App. 112

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-19-490

| | |
|---|---|
| LULA MARSHALL<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF CORRECTION; AND ARKANSAS INSURANCE DEPARTMENT, PUBLIC EMPLOYEE CLAIMS DIVISION<br><br>APPELLEES | **Opinion Delivered:** February 12, 2020<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G306908]<br><br><br><br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Lula Marshall brought a workers'-compensation claim against appellee Arkansas Department of Correction (ADC), alleging that she sustained compensable injuries to her hip, thigh, knee, shoulder, arm, and head on March 5, 2013, when she fell while working for ADC. An administrative law judge (ALJ) denied compensability, specifically finding that Marshall failed to establish her alleged injuries with medical evidence supported by objective findings. Marshall appealed the ALJ's decision to the Arkansas Workers' Compensation Commission (Commission), which affirmed and adopted the ALJ's opinion.

In her pro se appeal to this court, Marshall argues that the Commission erred in finding that her medical records did not provide the requisite objective findings to support

her compensable-injury claim. We affirm.[1]

Marshall testified that on March 5, 2013, she fell on the concrete at work, struck her head on a brick wall, and landed on her hip, sustaining multiple injuries. She then filed a claim for workers'-compensation benefits on August 29. On cross-examination, she testified that she could barely walk following the accident and that she could "do nothing with my right hip and leg."

Marshall's daughter, Kristy Ikanih, testified at the hearing that her mother had been "upwardly mobile" prior to the accident, but she had declined in mobility since that time. Ikanih further testified that although she did not recollect Marshall using a cane prior to the fall, she had seen her using a cane since the accident.

Debra Tayes, Marshall's sister, also testified that she had never seen Marshall walking with a cane prior to March 2013. She stated that before Marshall fell at work, she was able to walk without the use of any aide. She further testified that "[e]verything resulted from this fall."

The relevant medical evidence provides that on the day of the accident, Marshall was seen by Dr. Susan Ebel at CHI St. Vincent, claiming that she had fallen at work. According to Dr. Ebel's notes, Marshall related that she "landed on her right side and is complaining of pain from right hip to the right knee on the lateral aspect. She did not hit her head. She does not feel like anything is broken." Dr. Ebel noted:

---

[1]We note that Marshall's one-page abstract is not only woefully lacking in substance, it is also written in summary form and in third person, which is in direct violation of our rules. *See* Ark. Sup. Ct. R. 4–2(a)(5)(B). However, because the abstract has been sufficiently supplemented by ADC, we decline to order rebriefing.

She has diffuse tenderness to palpation over the lateral right hip lateral upper leg and lateral right knee. No significant pain in the hip with passive range of motion at the hip. No significant pain in the knee with passive flexion and extension no bruising is noted. I'm unable to determine if there is any swelling due to her weight.

On March 14, Marshall reported to the rheumatology department at Little Rock Diagnostic Clinic and was seen by Dr. Robert Abraham. Dr. Abraham noted that he had recently seen Marshall on February 21, less than two weeks prior to the accident, "for evaluation of chronic pain in her back and lower extremities" and documented that he was "suspicious that she had significant osteoarthritis." He additionally noted, "Ms. Marshall presented today and says that she recently fell at work though did not sustain any significant injury. . . . She has no new complaints today."

Medical evidence reveals that also on March 14, Marshall presented to Dr. Robin Perry. Dr. Perry noted:

> Patient is here for follow-up. She did see rheumatology. She has extensive damage to her knee and hip causing her elevated sed rate. She did have blood done to rule out cancer. She was not started on medications. She had a fall last week on her right side. It felt like her right side went out. She was on Meloxicam. She has taken it the last few days. She did see the company doctor after the fall.

Marshall visited Dr. Perry again on April 4. At that time, Dr. Perry noted that upon physical examination, Marshall displayed tenderness to her bilateral shoulder girdles and bilateral knees. Marshall's medical history reveals that on November 10, 2011, she reported to Dr. Perry that she had been "walking with a cane."

Upon review of the testimony and medical evidence, the ALJ concluded that Marshall failed to prove by a preponderance of the credible evidence that she sustained compensable injuries as a result of her fall on March 5, 2013. The ALJ stated, "There is no post-incident medical evidence to establish any of these alleged injuries with objective

findings as required by Arkansas Workers' Compensation Law." The ALJ specifically stated, "I did not find the Claimant or her witnesses to be credible." The ALJ went further and provided, "I can afford no weight to the testimony from any of the witnesses in this matter which suggests that the Claimant's present condition is related to the incident of March 5, 2013."

Marshall appealed the denial of benefits to the Commission, which affirmed and adopted the ALJ's opinion. Typically, on appeal to this court, we review only the decision of the Commission, not that of the ALJ.[2] However in this case, the Commission affirmed and adopted the ALJ's opinion as its own, which it is permitted to do under Arkansas law.[3] In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission.[4] Therefore, for purposes of our review, we consider both the ALJ's opinion and the Commission's opinion.[5]

In appeals involving claims for workers' compensation, we view the evidence in the light most favorable to the Commission's decision and affirm the decision if it is supported by substantial evidence.[6] Substantial evidence exists if reasonable minds could reach the

---

[2]*Daniels v. Affiliated Foods Sw.*, 70 Ark. App. 319, 17 S.W.3d 817 (2000).

[3]*See Death & Permanent Total Disability Tr. Fund v. Branum*, 82 Ark. App. 338, 107 S.W.3d 876 (2003).

[4]*Grothaus v. Vista Health, LLC*, 2011 Ark. App. 130, 382 S.W.3d 1.

[5]*Id.*

[6]*Nucor Corp. v. Rhine*, 366 Ark. 550, 237 S.W.3d 52 (2006).

Commission's conclusion.[7]  The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission; if so, the appellate court must affirm.[8]  When the Commission denies a claim because of the claimant's failure to meet his or her burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief.[9]

Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission.[10]  The Commission is not required to believe the testimony of the claimant or any other witness but may accept and translate into findings of fact only those portions of the testimony that it deems worthy of belief.[11]  When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and to determine the true facts.[12]  The Commission has the authority to accept or reject medical opinion and to determine its medical soundness and probative force.[13]

---

[7]*Id.*

[8]*Id.*

[9]*Id.*

[10]*Hickman v. Kellogg, Brown & Root*, 372 Ark. 501, 277 S.W.3d 591 (2008).

[11]*Id.*

[12]*Id.*

[13]*J.B. Hunt Transp. Servs. Inc. v. Hollingsworth*, 2016 Ark. App. 279, 497 S.W.3d 197.

"Compensable injury" is defined as "an accidental injury causing internal or external physical harm to the body . . . arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is 'accidental' only if is caused by a specific incident and is identifiable by time and place of occurrence."[14] A compensable injury must be established by medical evidence supported by objective findings.[15] "Objective findings" are those that cannot come under the voluntary control of the patient.[16] The claimant has the burden of proving a compensable injury by a preponderance of the evidence.[17]

While Marshall dedicates much of her argument to what she refers to as the "critical issue" of whether she was performing "employment services" at the time of the accident, this issue was not in dispute and consequently was not before the Commission. Therefore, we need not address it on appeal.

Marshall asserts that her medical records provide objective findings to support her compensable-injury claim. She contends that the Commission erred in overlooking "critical documentary evidence." Specifically, Marshall argues that the note of Dr. William Joseph, which states that "the fall seems to have exacerbated her symptoms," was not reviewed. She also points to the X-rays performed by Dr. James Abraham that indicate "[s]ignificant Osteoarthritis of the Right Knee, Severe narrowing of the medical compartment of the Left

---

[14]Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012).

[15]Ark. Code Ann. § 11-9-102(4)(D).

[16]Ark. Code Ann. § 11-9-102(16)(A)(i).

[17]Ark. Code Ann. § 11-9-102(4)(E)(i).

6

Knee due to significant osteoarthritis, Degenerative Disc Diseases at L4–5 and L5–S1; Large subcortical cysts are seen within the head of the right femur." Additionally, she relies on a progress note of Dr. Robin Perry that provides, "She has extensive damage to her knee and hip that are causing her elevated sed rate."

As to her assertion that the Commission erred in overlooking certain medical evidence, we are unpersuaded. The ALJ's opinion—affirmed and adopted by the Commission—cites the medical documents to which she refers. Specifically, the ALJ's opinion notes that Dr. Joseph observed that Marshall had "tenderness along the lateral right aspect of her right thigh. She has no palpable cords . . . . She is tearful and her affect is flat." Likewise, the Commission's decision also cited directly to the medical notes of Dr. Perry. We find no evidence that the Commission arbitrarily disregarded or "overlooked" medical evidence in this case.

In her testimony, Marshall acknowledged that she had been treated by a doctor for right-hip, right-thigh, knee, and low-back issues prior to her fall in March 2013. Dr. Perry's notes indicate that contrary to the testimony of witnesses, Marshall had been walking with the aid of a cane since 2011, which was well before she fell in March 2013. Marshall's medical records reveal that for years before the accident, she suffered from the physical symptoms that she now claims are the result of a compensable injury that occurred on March 5, 2013. Dr. Ebel's notes indicate that immediately following the accident, Marshall reported that she did not hit her head during the fall; however, at the hearing, Marshall testified that she did, in fact, hit her head when she fell at work: "I do not know why the report of that visit specifically says I did not hit my head when I fell, that is false."

7

Marshall contends that she sustained a compensable injury; however, there is no postaccident medical evidence to establish any of these alleged injuries with objective findings as required. While "tenderness" was reported, tenderness does not amount to an objective finding.[18]

As previously stated, the Commission determines credibility, weighs the evidence, and resolves conflicts in medical testimony and evidence.[19] Viewing the evidence in the light most favorable to the Commission's decision, as is required, we hold that the Commission's decision is supported by substantial evidence.

Affirmed.

VIRDEN and SWITZER, JJ., agree.

*Lula Marshall*, pro se appellant.

*Charles H. McLemore Jr.*, Public Employee Claims Division, for appellees.

---

[18] *See Kimbrell v. Ark. Dep't of Human Servs.*, 66 Ark. App. 245, 989 S.W.2d 570 (1999).

[19] *See Godwin v. Garland Cty. Landfill*, 2016 Ark. App. 498, 504 S.W.3d 660.